# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **MIKE D. SHOFFIETT, SR.** | **CIVIL ACTION NO. 6:18-1545** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JIM GOODE, SR., ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Pending before the undersigned is the Motion to Adjust/Include Defendants [Doc. 16], which is construed as a Motion to Substitute. The *pro se* plaintiff filed this action against, among others, Jim Goode Sr, who is deceased. The motion indicates that the "Estate of Jim Goode, Sr." has not been served because of the "absence of records in open and probate courts in Dallas County, Texas. " Accordingly, the plaintiff is attempting to substitute "Fiberlene LLC" and "Jim Goode Junior (CEO)" as party defendants in place of Jim Goode, Sr.[1]

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides the following procedure for substituting a proper party for a deceased party:

---

[1] To the extent that the motion could be construed as a motion to amend the complaint to add Fiberlene LLC and Jim Goode, Jr. as parties, the undersigned finds that the plaintiff has set forth no independent claim or cause of action against either Fiberlene LLC or Jim Goode, Jr. Rather, the plaintiff seeks to "add" these defendants due to his inability to serve the deceased original defendant, Jim Goode, Sr. Therefore, the Court finds that the plaintiff's motion is properly analyzed under Rule 25.

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P.25(a)(1).

It is well-settled that courts will deny a motion to substitute if the moving party does not provide the Court with evidence that the party to be substituted is a proper party for substitution. In order to qualify as a proper substitute plaintiff for a deceased party, the party to be substituted must qualify as either successor or representative of the decedent's estate. *See, e.g., Washington v. Louisiana*, 2013 WL 4048561 (M.D. La. Aug. 9, 2013), *citing Sintio v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C.Cir.1999) ("[W]e have held not only that an executor or administrator of a decedent's estate is a proper party for substitution, but also that the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party."); *see also Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y.2004) ( "[T]he representative is usually either the appointed administrator or executor of the decedent's estate" and a "successor of the deceased party is a 'distributee' of the decedent's estate if the decedent's estate has been distributed at the time the motion for substitution has been made.").

In *Washington*, the lawsuit in question was brought by co-plaintiffs Rosie

Washington and Sheldon Washington, asserting claims of discrimination and retaliation against Ms. Washington's employer and various co-workers. On January 9, 2013, Ms. Washington died. On January 24, 2013, the defendants filed a statement noticing the death of Ms. Washington. Ms. Washington and Mr. Washington were represented by the same counsel, who received service of the filing that same day through the court's electronic case filing system. On April 23, 2013, Mr. Washington filed a motion requesting that he be substituted as plaintiff for his wife under Rule 25. In support of the motion, Mr. Washington argued that because his wife was a resident of Mississippi and died intestate, he was the "sole heir" to her estate and "the proper person to proceed as plaintiff" in the instant litigation. *Washington*, 2013 WL 4048561 at *1.

The defendant opposed the plaintiff's motion, arguing Mr. Washington did not submit any evidence that he was the legal representative or successor of his wife's estate. The district court agreed. Because Mr. Washington did not provide sufficient evidence at the time he filed his motion demonstrating that he was either a successor or representative of the estate, his Rule 25 motion was deficient. *Id.* at *2.

In subsequent filings, however, Mr. Washington submitted evidence that he sought to be named, and was named, the administrator of his wife's estate as attachments to his subsequent motions to "amend and supplement" his original

3

motion (attaching both his May 14, 2013 petition in Mississippi chancery court to become the administrator of his wife's estate and the May 14, 2013 Mississippi chancery court decree appointing Mr. Washington as the administrator of his wife's estate). *Id.* at \*1. Considering the foregoing filings, the court allowed the substitution.

In the instant matter, the undersigned concludes that the plaintiff has not provided sufficient evidence that either "Fiberlene LLC" or "Jim Goode, Jr. (CEO)" are either successors or representatives of the estate of Jim Goode, Sr. Considering the foregoing, the plaintiff's motion to substitute is deficient and must be DENIED.[2]

Signed at Lafayette, Louisiana, this 16th day of April, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that the motion could be construed as a motion to amend the complaint to add Fiberlene LLC and Jim Goode, Jr. as parties, the undersigned finds that the plaintiff has set forth no independent claim or cause of action against either Fiberlene LLC or Jim Goode, Jr. Rather, the plaintiff seeks to "add" these defendants due to his inability to serve the deceased original defendant, Jim Goode, Sr. Therefore, the Court finds that the plaintiff's motion is more properly analyzed under Rule 25.