# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| Shoffiett | Civil Action No. 6:18-01545 |
| Versus | Judge Michael J Juneau |
| Goode et al | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, are three related motions to dismiss: (1) Motion to Dismiss For Insufficient Service of Process and For Failure To State A Claim pursuant to Rule 12(b)(5) and Rule 12(b)(6) filed by defendant, Mary Goode, [Rec. Doc. 23]; (2) Motion to Dismiss For Improper Venue And For Failure To State A Claim pursuant to Rule 12(b)(3) and Rule 12(b)(6), filed by defendant Fiberlene L.L.C. ("Fiberlene") [Rec. Doc. 24]; and, (3) Motion To Dismiss pursuant to Rule 12(b)(1), Rule 12(b)(2) and Rule 12(b)(6), filed by defendant Betty Goode, Individually and as Executrix of the Estate of Dale Goode, (collectively "Betty Goode") [Rec. Doc. 33];  Pro se Plaintiff, Mike D. Shoffiett, Sr.'s, Memoranda in Opposition[1] [Rec. Doc. 37, 49]; and Replies filed by Mary

---

[1] Complaints filed by pro se litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient  standard a pro se plaintiff must allege more than " 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ); see Patrick v. Wal-Mart, Inc., 681 F.3d 614, 617 (5th Cir. 2012).

Goode [Rec. Doc. 43] and Fiberlene [Rec. Doc. 45]. Also before the Court is a Motion To Strike filed by Fiberlene and Mary Goode [Rec. Doc. 38]. For the reasons that follow, the Court will recommend that the Motions To Dismiss be GRANTED and the Motion To Strike be DENIED as moot.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's complaint alleges that in 1990 he was assigned Patent No. 4,904,288—an air filter system for both residential and commercial use—("Patent"). *R. 11.* Plaintiff's Patent expired in 1994. Even though Plaintiff applied for another patent for a "corrected air filter" in 1995, his application was denied because of the length of time the corrected air filter had remained in the public domain.[2] Nonetheless, Plaintiff continued to successfully sell the filter system. *Id., p. 2.* In 1996 Plaintiff registered the "Fiberlene" trademark, Registration No. 1,948,861, with the United States Patent and Trademark Office ("USPTO"). *R. 38-4.* On October 19, 2002, the USPTO cancelled the registration for Plaintiff's failure to comply with Section 8  of the Act.[3] *Id.*

In 2004, Plaintiff entered into a Purchase Agreement with defendants Dale Goode and Jim Goode, selling 2/3 (66%) of Fiberlene Filters, Inc.'s "assets,

---

[2]  A patent violates § 102(b) because it was in the public domain more than one year prior to the date the patent application was filed. 35 U.S.C. § 102

[3]  A Section 8 Trademark Declaration is a statement made to the United States Patent and Trademark Office. It confirms your federal trademark has been in continuous use for five years. *See* 15 U.S.C. § 1058

2

including copyrights and patents," which specifically included the Patent and the Fiberlene trademark. *R. 38-3.*[4] Plaintiff alleges that by 2007 Dale and Jim Goode's actions caused him to file bankruptcy. *R. 11*. The August 18, 2018 affidavit of Jim Goode states, however, that in 2005, he "discovered that both Shoffiett's patent and the registration of the 'Fiberlene' trademark had expired prior to the execution of the Purchase Agreement." *R. 38-4, ¶6.* He further states that he ceased doing business with Plaintiff and on October 13, 2008, applied for a new patent, Patent No. 8,062,403, which was finalized on November 22, 2011. *Id. at ¶7.* He also applied for the "Fiberlene" trademark which was registered on July 1, 2008. *Id. at ¶9.*

Plaintiff, his wife and Fiberlene Filters, Inc. initially filed suit on October 16, 2014 in the Fifteenth Judicial Court against Dale Goode, Jim Goode, and Fiberlene Filters, L.L.C., *Mike D. Shoffiett, Sr. et al. v. Fiberlene Gilters, L.L.C. et al*., Docket No. 201410921-J, 15th J.D.C., Parish of Acadia, State of Louisiana ("State Court"). Plaintiff alleged claims of patent infringement, patent fraud, trade secret violation and breach of contract. Plaintiff specifically alleged entitlement to any outstanding balances owed on a $140,000 note agreed to in the October 3, 2003 Purchase Agreement with Jim and Dale Goode. Plaintiff concedes, and the record supports,

---

[4] The Court notes Defendants' motion to strike Plaintiff's exhibit *R. 37-1*, which is a purported copy of the Purchase Agreement. The Court agrees that the exhibit evidences that Plaintiff attempted to change the original form of the Agreement by using a poorly done "cut and paste" job. The Court immediately recognized that Plaintiff's submission was altered and did not consider the exhibit. Accordingly, the motion to strike is moot.

that in a hearing conducted on October 22, 2018, the State Court dismissed Plaintiff's patent infringement claims without prejudice for lack of jurisdiction in state court. *See, R.33. p. 10; R. 37, p. 1; R. 38-6.* On November 13, 2018, the State Court judge issued an order granting a motion for summary judgment filed by Jim Goode and Fiberlene thereby dismissing all remaining claims against them (patent fraud, trade secret violations and breach of contract). *R. 38-6.* Before the State Court trial, Plaintiff settled and agreed to dismiss all claims against "Dale Goode and/or the Estate of Dale Goode"[5] with prejudice for Plaintiff's and Fiberlene's agreement to pay him $25,000.00. All of Plaintiff's claims against Dale Goode and/or Estate of Dale Goode were dismissed with prejudice in a Judgment issued on May 2, 2019. *R. 33-7.*

Plaintiff filed this action *pro se* on November 27, 2018 against Jim Goode, Sr. and Mary Goode and Dale Goode and Betty Goode, alleging patent infringement under 28 U.S.C. § 1338 and breach of contract.[6] *R.1.* Summons were issued as to these Defendants on December 21, 2008. *R. 8.* Plaintiff's motions for extensions were granted and allowed timely service until May 1, 2019. *R. 9, 14.* On March 15, 2019, Plaintiff amended his Complaint naming as defendants "Jim Goode Sr. Heirs

---

[5] On November 26, 2018, defendant Dale Goode died and his wife, Betty Goode was appointed Executrix of his Estate in the state of New Mexico, Chaves County. R. 29-8. Betty Goode as Executrix was substituted for Dale Goode.

[6] Neither Mary Goode nor Betty Goode were parties or privy to the Purchase Agreement.

4

& Assigns", "Dale Goode" and "Betty Goode, Wife/Executor of Dale Goode (deceased)" and Fiberlene. Additionally, he added a claim against Defendants for patent fraud and a request for $5 Million in damages based on "Fiberlene sales and assets." *R. 11.* Notably, Plaintiff omitted Mary Goode as a party-defendant and failed to allege any facts referencing her in the amended complaint (just as in the original complaint). *R. 11.* While Mary Goode received untimely service of the amended complaint, she was never served with the original complaint—the only document referencing her as a named defendant. *R. 23-2, 5-19-2019 Declaration of Mary Goode.* The record provides that "Betty Goode" was served with the complaint on February 19, 2019. *R. 19.* Fiberlene and Mary Goode were served with the amended complaint on April 30, 2019. *R. 19, 20.* The summons as to Jim Goode, Sr. Estate was returned unexecuted on May 3, 2019. *R. 17.*

Plaintiff alleges that in 2013, he learned the Goode's had obtained Patent No. 8,062,403 of the "exact same a/c filter" as Patent No. 4,904,288. *R. 37.* He further alleges that Fiberlene is generating "$1 M+" in sales. *R. 11.*

## II. LAW AND ANALYSIS

All Defendants filed motions to dismiss asserting defenses under Rule 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6), and/or improper venue. Before addressing the motions, the Court will clarify the party defendants that are properly named and served: (1) Mary Goode was named in the complaint but never served with the

complaint. The complaint made no allegations related to her. She was not named in the amended complaint, it contained no allegation(s) related to her and it did not incorporate by reference the original complaint. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Yazdi v. Lafayette Parish School Board*, 2019 WL 4853961, at *2, f.n. 4 (W.D.La., 2019) *citing King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); (2) Betty Goode was the wife of Dale Goode (deceased), and is the Executrix of his Estate. In Plaintiff's amended complaint, Betty Goode was named in that capacity as a defendant substituting for Dale Goode. The amended complaint (just as the original complaint) does not identify nor contain allegations as to Betty Goode in her individual capacity; (3) In the amended complaint, Jim Goode was named only as "Jim Goode Estate", and service was never made in that regard or on him individually.

The Court will address the motions as follows.

## A. Lack of Subject Matter Jurisdiction Under 12(b)(1)

It is well settled that when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hill v. City of Pasadena*, 561 F.2d 606, 608 (5th. Cir. 1977) (*per curiam*).

6

Rule 12(b)(1) requires dismissal of a complaint for "lack of subject-matter jurisdiction" if the Court lacks statutory or constitutional power to adjudicate the case. "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287.

A party invoking federal jurisdiction bears the burden of showing that it has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Standing "determines the court's fundamental power to hear [a] suit." *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir.2002). "Whether a party has standing to sue in federal court is a question of federal law." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed.Cir.2003). The party asserting jurisdiction has the burden of establishing jurisdiction. *Id.*; *see also Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 318-319 (5th Cir. 2002).

In his complaint and amended complaint, Plaintiff alleges patent infringement against all Defendants as follows: (1) "Defendants knowingly used all Plaintiffs' 1995 'rejected' patent claims and achieved bogus patent No. 8,062,403";

(2) "Defendants had intentionally violated terms"; (3) "Defendants had achieved patent No. 8,062,403 with the same claims he'd used in his 1995 application"; and (4) "Defendant's said patent is not valid." *R. 1, 11.*

Only a patentee has standing to bring suit for patent infringement in its own name. *Textile Prods., Inc. v. Mead Corp*., 134 F.3d 1481 (Fed.Cir.1998); *see* 35 U.S.C. § 281. "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations,* 315 F.3d at 1309 (emphasis in original) (citing *Lans v. Digital Equip. Corp*., 252 F.3d 1320, 1328 (Fed. Cir. 2001) (holding that the appellant did not have standing, because he had already assigned title to the patent at the inception of the lawsuit); *Gaia Techs., Inc. v. Reconversion Techs., Inc*., 93 F.3d 774, 778 (Fed. Cir. 1996) (holding that the plaintiff's patent and trademark infringement claims were required to be dismissed for lack of standing, because of its "inability to prove that it was the owner of the Intellectual Property at the time the suit was filed"), *as amended on rehearing on different grounds*, 104 F.3d 1296 (Fed. Cir. 1996)). Once a patent expires, the right to exclude others ceases, and the world is free to use the patented invention. *Keranos, LLC. v. Analog Devices, Inc*., 2011 WL 4027427, at *3 (E.D.Tex.,2011) *citing In re Kaplan*, 789 F.2d 1574 (Fed.Cir.1986).

8

Here, the Patent was assigned to Plaintiff in 1990. By his own admission in the complaint and amended complaint, Plaintiff concedes that the Patent expired in 1994. *R. 38-4, p. 30.* He further admits that he was unable to secure another patent for his "corrected" air filter in 1995. In the October 2003 Purchase Agreement, Plaintiff assigned 66 % (2/3) of his rights in the Patent to Dale and Jim Goode for the amount of $200,000. At the time of his assignment to the Goodes, Plaintiff had no rights in the Patent because it had expired. Realizing he had no patented product, on October 13, 2008, Jim Goode applied for a new patent, Patent No. 8,062,403, which was finalized on November 22, 2011. He also applied for and registered the "Fiberlene" trademark which Plaintiff had sold in the Purchase Agreement even though he had lost his right to assign it. *R. 38-4, pp. 35, 39-41.* Goode stated that after executing the Purchase Agreement, he and Dale Goode used reverse engineering to devise the manufacturing techniques in producing the permanent air conditioning filters. He further stated that in applying for Patent No. 8,062,403 he "expressly referenced Shoffiett's Patent." *R. 38-4.*

Plaintiff filed this action in 2018 after the Patent expired in 1994 and he never received another patent for the "corrected air filter." Therefore, as Shoffiett has no standing to assert a claim for patent infringement, this Court is without subject matter jurisdiction. *Paradise Creations,* 315 F.3d at 1309. In resolving the jurisdictional issue, the Court also finds that the factual allegations in Plaintiff's

complaint and amended complaint fail to state a claim for patent infringement. Accordingly, the Court will address the Rule 12(b)(6) motions.

**B. Rule 12(b)(6)**

Defendants move to dismiss Plaintiff's patent infringement claim under Federal Rule 12 (b)(6), arguing that the Patent expired in 1994, well before this case arose, and thus no patent could have been infringed. The Court agrees. A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. citing Twombly*, 550 U.S. at 556. While a court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Mandujano v. City of Pharr, Texas*, 2019 WL 4197177, at *2 (5th Cir. 2019) *citing Id.* at 678. In deciding a Rule 12(b)(6) motion, it is proper to take judicial notice of matters of public record, including state court proceedings. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). The court must then decide whether

those facts state a claim for relief that is plausible on its face. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 217 (5th Cir. 2012). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In his complaint and amended complaint, Plaintiff alleged, "[i]n late 1992 Plaintiff ... allowed said FLAWED patent No. 4,904,288 to expire due to efficiency and sales concerns." *R. 11, p. 2*. Plaintiff further alleged that "his 1992 air filer [*sic*] media arrangement 'correction' ... was NOT patentable due to being sold longer than USPTO rules allow." *Id.*   Thus, Plaintiff  admitted that he did not hold enforceable title to the Patent or the "corrected" patent at the inception of this lawsuit. Having found that Plaintiff did not own a valid or enforceable patent at the time he filed this action, he cannot claim infringement of his patent. *See i.e*., *Halo Electronics, Inc. v. Pulse Electronics, Inc*., 136 S. Ct. 1923, 1928 (2016). The Court will grant Defendants' motion to dismiss Plaintiff's cause of action for patent infringement.

**C. Res Judicata**

Defendants move to dismiss Plaintiff's claims for patent fraud, trade secret violation and breach of contract against Defendants as being barred by the doctrine

11

of res judicata.[7] Res judicata bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In determining the preclusive effect of an earlier state court judgment, such as the State Court lawsuit in this case, federal courts apply the preclusion law of the state that rendered the judgment. *Weaver v. Tex. Capital Bank N.*A., 660 F.3d 900, 906 (5th Cir. 2011). Louisiana's Supreme Court has interpreted Louisiana's res judicata provision, La. R.S. 13:4241, to require  five elements for res judicata to apply: (1) the prior judgment is valid; (2) the prior judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Chevron U.S.A., Inc. v. State*, 993 So.2d 187, 194 (La. 2008). While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. *Ortego v. State, Dept. of Transp. and Development*, 689 So.2d 1358, 1363 (La.,1997).

---

[7] "... affirmative defenses that have been considered on a motion to dismiss under Rule 12(b)(6) include ... the barring effect of res judicata and related preclusion principles" *See* Wright & Miller, *Federal Practice and Procedure;* Civil 3rd § 1357 at 721, 728.

Applying the Court's findings, it is clear that Plaintiff's causes of action for patent fraud, trade secret violations and breach of contract against Defendants in this lawsuit are barred by res judicata due to Plaintiff's earlier State Court lawsuit. The parties were the same, and these causes of action were adjudicated in the final judgment or settled in the State Court lawsuit. [8] *R. 33-6, 33-7, 38-6.* Accordingly, res judicata applies.

As the Court's analysis disposes of Plaintiff's claims, the Court declines to address the remaining defenses in Defendants' motion.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion[s] To Dismiss Plaintiff's Complaint [Rec. Doc. 23, 24, 33] be **GRANTED IN PART** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**. The Court further recommends that the Motion To Strike [Rec. Doc. 38] be **DENIED AS MOOT**. Finally, the Court recommends that Plaintiff's Motion To Request the Court Rule On Jurisdiction Of Case [Rec. Docs. 50 and 53] be **DENIED AS MOOT** in light of the instant ruling on Jurisdiction.

---

[8] Both lawsuits name Jim and Dale Goode as owners of Fiberlene; Neither Mary Goode nor Betty Goode were named in the State Court lawsuit and, as provided in the foregoing, neither are proper defendants in the instant lawsuit; The State Court judge dismissed Jim Goode and Fiberlene with prejudice in an order dated November 13, 2018 and Dale Goode settled the State Court lawsuit and received a final Judgment of Dismissal.

13

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 31st day of October, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

14